Okay, we're going to take People v. Offutt, Council, if you would. If I could call his office at 5, it's in my pen. Go ahead and do that, Donna. Well, this is awful. Here's your phone. Take a month off for moral arguments and we get confused. I'm like, what do you think? All right, Council, proceed. May it please report on this cool, dreary day. This is a case of People v. Christian Offutt. It's a post-conviction appeal. The post-conviction is summarily dismissed in a search report. We are coming before this Court to ask you to reverse and remand for further proceedings where he can proceed to the second stage, have Council appointed, and have Council amend his petition. We ask that because the petition stated the gist of a constitutional claim that requires further proceedings. The standard before this Court, the standard of review, is one of the lowest standards for appellate review, and one of the reasons why it's a low standard is because petitioners are often people of lesser education, are not able to properly form their claims that an attorney would and you are supposed to construe the petition liberally and take everything in it as true unless it's rebutted by the record positively. Mr. Offutt was charged with three counts of unlawful delivery of a controlled substance, including a Class X offense. Two counts were dismissed in a stipulated bench trial, and he eventually was convicted of a Class I felony and had a direct appeal that was dismissed. The claim that we're presenting before this Court that requires further proceedings is that trial counsel was ineffective for failing to properly advise him in the entry of a guilty plea that he was told that there was a plea agreement four years before him that he rejected that because of he was wanting to have evidence pressed on one of the counts and that is the count that he eventually had stipulated bench trial on. How do you respond to the State's claim that that claim that a plea offer for four years is not in the record for us to That's exactly why you need to have it sent back. He claims that he was given this plea offer which he rejected and the rejection was because he wasn't properly advised about it, that the plea offer is not on the record or might, as the State argues, is kind of refuted by the record by later plea proceedings. It is not the right standard or the right way of looking at the situation. Post convictions are for the purpose of making of record what is not of record. You want to put on the record what you believe might have occurred that was not done before and so when the State says it's not on the record, that's perfectly understandable for post conviction. His petition says that it occurred. The only thing that this Court can do then is look at it, construe it liberally, take it as true and say that the Circuit Court has to hold it, have further proceedings on it, have counsel appointed, have him get all the evidence lined up that Obb may be able to present on that and then present it to the Circuit Court for factual findings. There's no dispute, is there, that the defendant was told of the plea offer? His attorney told him. There's an offer of four years. Apparently the State disputes that there was any plea offer as represented by Justice Wexton's question. My point is the defendant says that his attorney told him while he was in jail that there was an offer of four years. That's right. In his petition he says he was offered four years and that he would have taken it except for counsel not advising him that it would be in his best interest and when I'm talking about these things I am kind of talking and looking at it in a liberal construction. Well one of his claims is that he was not aware that this plea bargain was going to be revoked if he went forward with the suppression hearing. That's right, that's also. Okay, now is there anything alleged that the attorney was aware it was going to be revoked? I believe by implication. Again that gets back into the liberal construction of pro se pleadings that and if he's not aware that it's going to be revoked then he again might be ineffective in not understanding how the plea process works. But that all needs to be fleshed out and fully formed by an attorney at a second stage proceeding. The state makes an argument that the petition wasn't supported by affidavit and I would suggest that that's semantics. That the only thing that this was not an affidavit was because it didn't have the word affidavit at the top of it. It was three pages long and it was notarized. It's a separate writing attached to the petition. Handwritten statement. It was notarized. As lots of pro se petitioners in the penitentiary do, he hand writes it out. He hasn't had very much help. He might have had some help from a paralegal at the law library in the penitentiary. He may have had some help by some prisoner out there, but he certainly didn't have the help of any attorney. And that's what we were asking this case to be remanded so that an attorney can be appointed. If this court doesn't have any further questions, we ask you to reverse and remand. Sharon Shanahan. May it please the court. Counsel, my name is Sharon Shanahan and I represent the people of the state of Illinois. Let's take a look at defendant's post-conviction petition contained in the record at C6-9. Defendant says my attorney kept from me important information regarding my case which resulted in me turning down a four-year deal. He says that after the motion to suppress was denied just before his next court date, defense counsel told the defendant that the deal was off. He says right before the meeting was over, defense counsel presented to me a packet of documented papers authorizing defendant Dan Purcell to perform an eavesdrop on the U.S.C.S., which is a confidential source. He says Mr. Hewitt never even showed me nor told me that eavesdrop documents exist until after I went through the April 15, 2010 motion to suppress. By then the four-year deal was off the table. Then we get to the crux of what defendant says is wrong. If I had known my counsel had these documents in his possession, I would have immediately taken the four-year sentence. This is important for two reasons. First of all, contrary to what defendant alleges on appeal, defendant is not saying that if his counsel had advised him at the time of this complaint, he would have taken it. He says if he had had the documents from the eavesdrop, he would have taken the complaint. If he would have known what evidence there was against him. That's exactly what he said. But he did have this evidence. He did have these documents. As defense counsel knows, in any first-stage post-conviction petition, the standard is very low. It's a gist. But one thing that has always been held to defeat a first-stage post-conviction petition is when the claims are directly refuted by the record. So, defendant's claim is that his attorney kept from him important information. This important information was not the strength of the motion to suppress or the evidence against him. It was the actual documents authorizing the state over here. This is very clear from his post-conviction petition. He says if he had seen this before the motion to suppress, he would have accepted the plea and that after the motion to suppress was denied, the plea was off the table. This exact information was contained in the police reports. And the record establishes that defense counsel had reviewed these with the defendant. That's at C-183. Moreover, at the defendant's preliminary hearing, which was held three months before the motion to suppress was even filed and five months before the hearing on the motion, the defendant heard Officer Purcell say that he had applied for and was granted unauthorized state overhear. Defense counsel reviewed both state overhears with the defendant two months before the motion to suppress was filed, four months before the hearing on the motion to suppress. I'm quoting from the defense counsel. We did go over the audio and video at the jail. The defendant claims that the plea bargain was rejected based not on seeing the overhear document, which was withdrawn after the motion to suppress was filed. But in reality, it's very clear that he did see these documents. His attorney did go over them with him. He knew who the confidential source was. He had reviewed the police reports regarding the overhear. He knew the police had applied for and were granted an authorized state overhear. And he actually reviewed the audio and the video with defense counsel all of this before the motion to suppress was even filed. Since he had all this, it cannot have been his decision whether to accept the alleged plea. He had exactly what he said he didn't have. I want to touch briefly on the first allegation in the defendant's petition is that he claims that he was not advised whether he should accept the state's offer. That is not in the defendant's post-conviction petition. Again, I direct this court to the petition itself. He says that his attorney kept important information from him. The important information was the information about the overhear. And he says if he had, I am quoting, if I had known my counsel had these documents in his possession, I would have immediately taken a four-year sentence. That's his post-conviction claim. The record clearly shows that he did. Not only did his counsel have these documents, he knew his counsel had these documents. He reviewed these documents with his counsel. Even the video, that's the claim. That's reviewed by the record. There is no allegation that the defendant in any way is claiming that his counsel did not encourage him to take this plea. That's simply not an allegational appeal. To go farther into it, I certainly think the record is very clear that the defense counsel did discuss the plea offers with him. It's very clear. And there is no requirement, despite the amendment of the Code of Ethics that took place just two years ago, Illinois chose not to place a specific requirement that an attorney advise his client whether to take an appeal. The defendant, he is required to discuss it with him, to show it to him, but he is not required. And certainly, excuse me, given the fact that the Supreme Court looked into the ADA rules when they made the first Code of Ethics, they recently revised the Code of Ethics, we have to assume that it was an intentional decision by the Illinois Supreme Court not to impose such a requirement on Illinois. Are there no further questions? Thank you, Counsel. Mr. Evers, do you have rebuttal, sir? Yes, Your Honor. The state really points to the specific words that they want to point to and how they frame what the defendant's claim is. But just because the defendant, Mr. Alford, put some information in as to what his claim was, doesn't mean that he didn't have more things to say. He just didn't know how to really frame it. The most important thing is the word important. He says that he had important information withheld from him. What that important information was, he starts to kind of detail in the petition, but that's not the only stuff that he may have. Defense counsel has an ethical obligation, as the state agrees to, under Rule 1.4b, to fully inform his client during the plea negotiations. Rule 1.4b of the Illinois Rules of Professional Conduct provide a lawyer shall explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. In terms of a plea agreement, that includes whether it's advantageous to him to take it, whether it's in his best interest to take it, whether a client rejects attorney's advice, that's up to a client. But at this point, we don't know what the advice was and what important information that he has that he should have imparted to Ms. Stove. I would suggest that in this context, the important information is the relative strength and merits of that motion to suppress and why it might be beneficial to him to not rely upon that as the defense, in that he really doesn't have a defense for all of the charges. But again, that gets back to back bindings, something that is not appropriate at this stage of the proceedings. We would ask your honors to therefore reverse and remand for further proceedings on the petition. Thank you.